In the Matter of the Application of FEODORA KAROWNEY, Appellant, for an Order for the Examination of the Records of THE BUFFALO ORPHAN ASYLUM, Respondent.

*Order granted under section 3 of chapter 438 of 1884 — may be made ex parte — may be vacated on notice — notice of hearing thereon may be directed.*

It is within the power of the Supreme Court to grant an order *ex parte*, pursuant to the provisions of section 3 of chapter 438 of the Laws of 1884, which requires the authorities of the Buffalo Orphan Asylum to give to the mother of a child a complete abstract from its records concerning such child, and it is not improper for the court, after granting such order, to make a second order upon the application of such asylum, requiring the person on whose petition the prior order was granted to show cause why such order should not be vacated, and upon the return of the order to show cause to vacate such prior order, with leave to the petitioner to renew her application upon notice to such asylum.

While it is the duty of the court, under the provisions of section 3 of chapter 438 of the Laws of 1884, to entertain an application made thereunder, it is within its power to direct such hearing as it shall deem suitable and reasonable before making a final order therein.

APPEAL by the petitioner, Feodora Karowney, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 19th day of March, 1894, vacating and setting aside an order made on the 19th day of February, 1894, directing the Buffalo Orphan Asylum, under the provisions of section 3 of chapter 438 of the Laws of 1884, to give the petitioner a complete extract from the records of said institution of all information in its possession concerning the child of the petitioner.

Feodora Karowney presented her petition to the Supreme Court showing that her husband had left their child in the care and custody of the Buffalo Orphan Asylum under the belief that such child would be cared for until such time as she and her husband would be able to care for their child themselves; that thereafer she called at the said orphan asylum to secure the custody of her child, and was informed by the matron of such institution that the custody and control of the said child had been duly transferred to a person who had adopted it and whose name the matron refused to give. An order was prayed for, under the provisions of section 3 of chapter

438 of the Laws of 1884, requiring the secretary, president or authorities of the said asylum to give to the said Feodora Karowney or her attorney a complete extract of the records of the institution relating to such child to the end that the mother of the child might ascertain in whose custody it was. Upon such petition and on affidavits an order was made as therein prayed for.

Thereafter, on the application of the asylum, an order was made requiring that the said Feodora Karowney show cause why such order should not be vacated and staying until the hearing all proceedings under the prior order. Upon the return of such order to show cause the first order granted was vacated and set aside, with leave to Feodora Karowney to renew her application for the relief asked for in her petition upon giving due notice to the Buffalo Orphan Asylum.

*Edward R. O'Malley*, for the appellant.

*Carl T. Chester*, for Buffalo Orphan Asylum, respondent.

BRADLEY, J.:

The order requiring the asylum to give to the petitioner complete extracts from its records concerning her child was made by the court upon her *ex parte* application.

This was within the power of the court, and the order must be deemed to have been regularly made. But, upon the application of the asylum, the court, in the exercise of its discretion, made an order requiring the petitioner to show cause why the first-mentioned order should not be vacated.

In view of the facts presented, the court thereupon concluded that the case was one in which a hearing should be had upon the merits. The order was, therefore, vacated, with leave to the petitioner to renew her application upon notice to the asylum. It is urged upon the part of the appellant that this was error, for the alleged reason that her right to the relief sought had the support of a mandatory statute.

While it was the duty of the court to entertain her application, it was within its power to direct and have such hearing as should be deemed suitable and reasonable before making a final order. This evidently was the design of the statute, which then provided that,

in addition to the request of the person having the requisite relation to the matter, there should be an order of the Supreme Court for the production of extracts from the records relating to a child which had been placed in the asylum. (Laws 1884, chap. 438, § 3.)

It cannot well be supposed that the court in making such an order is not to exercise any judgment in the matter. It is more reasonable to assume that it was contemplated that the court properly could and should inquire into the matter sufficiently to ascertain what are the facts, and to determine whether they are such as to justify or require the making of the order sought for. There may be cases where, upon the facts, applicants are entitled to the orders, and others where, as matter of right, they are not. In the former, orders, of course, would be made, but in the latter, reasons might exist for their denial. Whether or not the petitioner in the present case is entitled to it, is a question not here for consideration. The order was vacated without any determination of that question, but merely to enable both parties to be heard on a renewal of the application upon notice to the asylum.

The method adopted for such purpose, founded upon the order to show cause, was within the reasonable discretion of the court.

The order appealed from should, therefore, be affirmed, without costs.

Dwight, P. J., Lewis and Haight, JJ., concurred.

Order appealed from affirmed, without costs to either party.